Tilghman C. J.,
delivered the Court’s opinion.
By the act of 22d September, 1794, no application could be received in the land office, “ except for land whereon a setUement had been, or thereafter should be made, grain raised, and a person or persons residing thereon.” What was necessary to constitute a settlement, had been defined by the act of 30th December, 1786. There was to be “ an actual, personal residence, with a manifest intention of making it a place of abode, and the means of supporting' a family.” In the case of Bixler v. Baker, (4 Binn. 213,) it was decided, that this settlement, and raising of grain, was a condition precedent, with which the land officers ■ could not dispense, and that no preference or right of pre-emption could be gained by the erection of a cabin, unless the other requisites of a legal settlement were also complied with. Thus stood the law, until the making of the act of-28th March, 1814, by which it was provided, that from and after the 1st day of June, 1814, “ so much of the act of 22d September, 1794, as requires ‘ a settlement, residence, and raising of grain,’ as also so much of the act of 3d April, 1792, as reduces the price of lands' to fifty shillings per hundred acres, should be repealed, so far as respects lands within the purchase of 1768, and the previous purchases,—provided, that nothing therein contained should impair or affect the right of any person who may have actually settled on vacant land before the passing of that act.”—The defendant covers himself under this proviso. He does not bring himself within the words of this proviso, because neither he nor any other person resided on the land, at the time of taking out the warrant, but that I do not regard. A settlement consists of various, progressive acts. A house must be built before a person can *251 reside on the land. And if a question arises on the commencement oí a settlement.right, the quo animo, the field was cleared, and the house built, must be decided by the jury ; for it may be, that these things were done, with a view of evading the law, and without an.intent to complete the settlement by actual residence. In the present instance, the defendant had cleared a few acres, sown grain, and done a day or two’s work towards the building of a house. This certainly was not a settlement within the'act of 22d September, 1794. Something more was to be done, before he would have been entitled to a warrant under that act. But he had done enough to secure his title, provided he persevered in his purpose, and went on to complete his settlement, and in the mean time he would have been protected by the proviso in the act of 1814; for I am clearly of opinion, that it was not the intention of the Legislature to deprive a man of the benefit of a settlement, begun, but not completed, when that act took effect. If he completed his settlement, by personal residence, he would have been entitled to a warrant at the price .of fifty shillings per hundred acres. But he was not bound to comply with the terms of settlement. He might abandon all idea of settlement, and take out a warrant for so much vacant land, without regard.to his improvenent, in which case he would have to pay ten pounds per hundred acres. But suppose he persisted in his intent to make an ac.tual settlement, might he not nevertheless, before it was completed take out a warrant at the price of ten pounds, and still retain the advantage of carrying back the commencement of his title, to the commencement of his settlement ? I think he might—but in such case, he must submit to the hazard of a trial, if there should be an elder adverse warrant. He takes on himself the task of satisfying the jury, that he had never relinquished the intent to complete an actual settlement. This I take to be a fair exposition of the several acts of assembly bearing on the point in controversy. Where is the error then, in the charge of the Court of Common Pleas ? I confess, I cannot perceive it. The jury were told, “ that if they should be of opinion, the defendant did intend to perfect his settlement, and followed it up, with reasonable diligence, the verdict should be in his favour.’’—I am of opi- • nion, that this was a correct exposition of the law, and therefore the judgment should be affirmed.
Judgment affirmed.,